**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**Manhattan Division**

AKIRA SAH,

        Plaintiff,

    v.

VERIZON COMMUNICATIONS INC.,

        Defendant.

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff AKIRA SAH ("Plaintiff"), by and through his undersigned attorneys, alleges the following against VERIZON COMMUNICATONS INC. ("Verizon" or "Defendant"):

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C. §§ 1681a–x and for the common-law tort of defamation.

2. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC Trans Union LLC and Experian Information Solutions Inc. (collectively, the "CRAs").

4. The Act demands that consumers' disputes of inaccurate information be taken seriously by industry players, requiring that they do much more than simply pass information between themselves electronically without actually investigating the substance of a

consumer's dispute and consider all information available in conducting such investigations.

5. The FCRA demands from CRAs that they utilize reasonable procedures to assure the maximum possible accuracy of the information they report. When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it.

6. CRAs that create consumer reports are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Verizon, particularly where a consumer makes a dispute about information reported.

7. Also, when a consumer disputes the accuracy of information with the agencies, they must transmit that dispute to the entity who furnished the information, here Verizon. The furnisher must then conduct its own, independent investigation of the dispute. *Id.* § 1681s-2(b).

8. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017). This is particularly true as to how the CRAs have complied with their now 50-year-old obligation to conduct a meaningful accuracy investigation. The CRAs have been repeatedly sued by consumers, sanctions by regulators and reprimanded by both District and Appellate courts to do more than an automated parroting of what their customer-creditors instruct. Had they followed that advice and heeded those warnings, the Plaintiff would not have been harmed.

9. Likewise, Verizon violated the FCRA, Section 1681s-2(b), when it received Plaintiff's disputes from the agencies and failed to reasonably investigate those disputes. Instead, discovery will show all Verizon did was consult its own records about the account and confirm to the agencies the inaccurate information it was already reporting.

10. Verizon violated New York GBL § 349 through deceptive acts and practices directed at Plaintiff, including erroneously and inaccurately classifying a closed and fully paid account as a collection account and attributing it to the Plaintiff.

**JURISDICTION & VENUE**

11. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

12. The Plaintiff is a natural person and resident of the State of New York.  He is a "consumer" as defined by 15 U.S.C. § 1681 a(c).

13. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

14. Venue is also proper in this district because Plaintiff lives in this District, Defendant conduct business in this District, and the injury occurred in this District.

15. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

**PARTIES**

16. Plaintiff Akira Sah is a natural person residing in New York County, New York.

17. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

18. Defendant Verizon Communications Inc. is a "person," as defined under 15 U.S.C. § 1681a(b), with a principal executive office and registered agent in New York, New York and does business in the State of New York.

19. Verizon is also a "furnisher" as defined by the FCRA and caselaw interpreting the

statute.

20. Defendant acted through its agents, employees, officers, members, directors, heirs, predecessors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## GENERAL FACTUAL ALLEGATIONS

### *Plaintiff Discovers Verizon Was Inaccurately Reporting the Account*

21. Today, furnishers such as Verizon have its own independent duties under the FCRA, principally those found at 15 U.S.C. § 1681s-2. But while the CRAs' duties under § 1681e(b) were enacted in 1970 and have governed since, the duties on furnishers are much recent, enacted on in 1996. THE CONSUMER CREDIT REPORTING REFORM ACT OF 1996, Pub. L. No. 104-208 (1996).

22. Sometime prior to the commencement of this action, Plaintiff maintained an account for utility services with Verizon, identified as account number 156728XXXXXXX.

23. Sometime in or around 2024, Plaintiff closed said account and forwarded a full final payment for utility services to Verizon.

24. Subsequently, Plaintiff requested his consumer reports maintained by Equifax, Trans Union and Experian.

25. Plaintiff was dismayed to discover that Verizon was furnishing inaccurate information to the CRAs, including but not limited to an erroneous payment history, that included the account being in collection as of December 2024.

26. Despite Plaintiff making a full and final payment for the account, Verizon reported derogatory and inaccurate information to the CRAs.

27. The Plaintiff has never been late in paying his obligations to Verizon.

28. Having learned that Verizon was inaccurately reporting the account to the CRAs, Plaintiff sent disputes to Experian, Equifax and Trans Union to attempt to have them remove the inaccuracies from his credit reports.

*Plaintiff Disputes The Inaccuracies with Verizon*

29. Sometime in or around 2024, Plaintiff closed his account held with Verizon and forwarded a full final payment for utility services to Verizon.

30. Subsequently, Plaintiff requested his consumer reports maintained by Equifax, Trans Union and Experian. A check of his consumer reports revealed that Verizon was furnishing inaccurate, erroneous and unverified information about the utility account to Equifax, Experian and Trans Union, including but not limited to an erroneous payment history, that inaccurately included the account being in collection as of December 2024.

31. The information furnished by Verizon to Equifax, Experian and Trans Union was at all times inaccurate and erroneous.

32. Subsequently, Plaintiff sent correspondence to Equifax, Experian and Trans Union, requesting that the CRAs verify and correct the inaccurate information furnished by Verizon.

33. Upon information and belief, the CRAs furnished Plaintiff's disputes to Verizon, using an electronic system called "e Oscar," which is an industry-wide process by which such disputes are electronically communicated to furnishers and dispute results back to the CRAs.

34. e-Oscar is also the system by which furnishers like Verizon have agreed they will accept such consumer disputes from the CRAs.

35. Under such circumstances, Verizon became obligated under the FCRA to investigate Plaintiff's disputes.

36. On or about January 12, 2026, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous, and unverified representations made by Verizon on his credit file.

37. Verizon failed to reasonably reinvestigate Plaintiff's dispute that Verizon received from Equifax in violation of the FCRA.

38. On or about January 12, 2026, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous, and unverified representations made by Verizon on his credit file.

39. Verizon failed to reasonably reinvestigate Plaintiff's disputes that Verizon received from Experian in violation of the FCRA.

40. On or about January 12, 2026, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous, and unverified representations made by Verizon on his credit file.

41. Verizon failed to reasonably reinvestigate Plaintiff's disputes that Verizon received from Trans Union in violation of the FCRA.

42. At the date of this filing, Verizon failed to reasonably reinvestigate into Plaintiff's disputes and has failed to accurately correct and update or delete Plaintiff's information.

*Plaintiff Suffered Actual Harm*

43. Verizon has continued to report the erroneous account on the Plaintiff's credit report, despite being notified the information is inaccurate.

44. The Verizon account remains a negative and derogatory item on Plaintiff's credit files.

45. Plaintiff has been attempting to resolve these matters with Verizon, and his credit was significantly destroyed by Defendant's failure to correct the inaccurate reporting.

46. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    a.  Stress associated with higher interest rates, and delays in applying for future lines of credit;

    b.  A decline in his credit scores and credit worthiness;

    c.  Monies lost by attempting to fix his credit, e.g. communication costs, postage for disputes;

    d.  Loss of time attempting to cure the errors;

    e.  Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life;

    f.  Stress associated with hundreds of hours attempting to resolve this matter.

*Defendant's Conduct Was Willful*

47. The FCRA allows for a remedy for a "willful" violation. A willful act or violation includes, "not only knowing violations of [the statute], but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, at 57 (2007). A "reckless" action includes

conduct whereby "the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

48. Proof of willfulness includes, for example, "evidence that other consumers have lodged complaints similar to" the one made by the Plaintiff and a failure to make the correction right away. *Dalton*, 257 F.3d at 418; *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 151 (4th Cir. 2008).

49. The Consumer Financial Protection Bureau and Better Business Bureau permit consumers to submit disputes about problems like Plaintiff experienced.

50. The CFPB has maintained a Consumer Complaint database since 2017. It receives a small percentage of the total consumer credit reporting complaints made nationwide, as many multiples more are made directly to the Defendant, and/or to other government agencies, attorneys, or non-profit organizations.

51. The Defendant regularly receives unredacted consumer dispute details from this database.

52. Further, consumers have submitted complaints about Verizon to the CFPB regarding its credit reporting.

53. Despite the notice and judicial, regulatory and public interest criticism, Verizon has refused to change its dispute investigation process because it would cost too much money to do so.

54. Verizon's procedures imposed on the Plaintiff and similarly situated consumers an unjustifiably and unreasonable risk of harm that could have been mitigated or avoided with just modest imposition.

## CLAIMS FOR RELIEF

### COUNT 1: AGAINST VERIZON
### Violation of § 1681s-2(b)(1)(A) and (B) of the FCRA

55. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

56. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

57. It is evident that Defendant Verizon failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Verizon by the CRAs, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

58. Defendant Verizon violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided to it by the CRAs.

59. As a result of this conduct, action and inaction of Verizon, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why he lost the ability to benefit from credit.

60. Verizon's conduct, action and inaction was willful, and it is liable for actual or statutory damages and punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n. In the alternative, Verizon was negligent, entitling

61. Plaintiff to recovery under 15 U.S.C. § 1681o. 130. Plaintiff is entitled to recover his costs and attorneys' fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT 2: AGAINST VERIZON**
**Violation of § 1681s-2(b)(1)(C), (D), and (E) of the FCRA**

62. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

63. Defendant Verizon violated 15 U.S.C. § 1681s-2(b)(1)(C), (D), and (E) by publishing false information in Plaintiff's credit files without also including a notation that this debt was disputed, failing to correctly report the results of an accurate investigation to each consumer reporting agency, and failing to accurately correct and update or delete Plaintiff's information after receiving Plaintiff's disputes from the CRAs and prior to the commencement of this action. This failure to correct Plaintiff's information resulted from Verizon's failure to investigate as articulated herein, after Verizon received notice of Plaintiff's disputes from the CRAs.

64. As a result of this conduct, action and inaction of Verizon, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to offer explanations for why he lost the ability to benefit from credit.

65. Verizon's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. 135. Plaintiff is entitled to recover his costs and

attorneys' fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT 3: AGAINST VERIZON
### Violation of New York GBL § 349

66. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

67. Defendant Verizon engaged in deceptive acts and practices in the conduct of its business and furnishing of services in New York by erroneously and inaccurately classifying a closed and fully paid account as a collection account and attributing it to the Plaintiff.

68. Defendant Verizon's deceptive acts and practices in violation of GBL § 349(a) harmed and injured Plaintiff, because Verizon has ensured the account remains a negative and derogatory item on Plaintiff's credit files, causing the Plaintiff to suffer: loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to offer explanations for why he lost the ability to benefit from credit.

69. Defendant's conduct violates GBL § 349(a) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

70. As per NY GBL § 349(a) and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

## JURY DEMAND

71. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Akira Sah respectfully requests judgment be entered against Defendant for the following:

    A.  Declaratory judgment that Defendant violated the FCRA;

    B.  Actual damages pursuant to 15 U.S.C. §1681n(a);

    C.  Statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A);

    D.  Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

    E.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

    F.  Declaratory judgement that Defendant violated NY GBL § 349.

    G.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    H.  Specific performance and injunctive relief; and

    I.  Any relief that this Court deems appropriate.

Dated: April 14, 2026
    New York, New York

               **LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
165 Broadway, 23rd Floor
New York, New York 10006
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

*Attorneys for Plaintiff*